IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 1, 2013

## DARNELL WHITE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dyer County**
**No. 10-CR-178B   Lee Moore, Judge**

---

**No. W2012-02550-CCA-R3-PC - Filed November 15, 2013**

---

Petitioner, Darnell White, was indicted by the Dyer County Grand Jury for aggravated robbery. After a jury trial, he was convicted of the offense as stated in the indictment. As a result, he was sentenced to ten-years as a Range I, standard offender. Petitioner did not seek a direct appeal of his conviction. Petitioner later sought post-conviction relief on the basis of ineffective assistance of counsel. After a hearing, the post-conviction court denied relief. Petitioner appealed. After a review, we determine Petitioner has failed to establish that he received ineffective assistance of counsel at trial. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Milly Worley, Dyersburg, Tennessee, for the appellant, Darnell White.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; C. Phillip Bivens, District Attorney General, and Renee Creasy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

The post-conviction court held a hearing on the petition. At the hearing, Petitioner claimed that trial counsel failed to properly investigate his case prior to trial. Specifically,

Petitioner claimed that trial counsel did not fully investigate whether the State's witnesess, who identified Petitioner as the perpetrator, were credible witnesses. Petitioner was under the impression that two of the witnesses who identified him at trial, Rex Pierce and Candice Reyes, initially informed police that a person named "Hot somebody" committed the crime. Petitioner complained that trial counsel did not investigate the existence of "Hot somebody" prior to trial despite his requests for counsel to follow up on this lead. Additionally, Petitioner stated that post-conviction counsel did not try to impeach the witnesses' testimony at trial. Petitioner also claimed that he did not recognize another witness at trial, Mr. Blalock, who claimed that he and Petitioner spent some time together in jail.

Petitioner complained that trial counsel met with him only two times prior to trial. Further, Petitioner stated that he was "not really" able to discuss the case with trial counsel. Petitioner also testified that trial counsel did not take his telephone calls.

According to trial counsel, he attempted to interview both Mr. Pierce and Ms. Reyes prior to trial but had a difficult time because both witnesses were also co-defendants and represented by counsel. Trial counsel spoke with attorneys for both Mr. Pierce and Ms. Reyes. Trial counsel actually attempted to talk to Petitioner about Ms. Reyes's testimony at trial. Petitioner, however, insisted that she would not testify against him at trial. Petitioner also refused to believe that Mr. Pierce implicated him in the robbery.

Trial counsel also spoke with the victim, Mr. Blalock, prior to trial. Mr. Blalock was originally unable to identify Petitioner as the perpetrator but later remembered that he was incarcerated with a man who looked like the man who robbed him. Police created a lineup using prison logs from the time Mr. Blalock was incarcerated. From this lineup, Mr. Blalock identified Petitioner.

Trial counsel felt successful in his cross-examination of both Ms. Reyes and Mr. Pierce. Trial counsel explained that he brought out a number of conflicting statements and was able to highlight those statements to the jury and emphasize that the testimony of the witnesses did not "match."

Trial counsel stated that he spent a lot of time with Petitioner prior to trial. Trial counsel had represented Petitioner in a possession of Schedule II drugs case, an evading arrest case, and a tampering with the evidence case. Then, he was appointed to represent Petitioner in the robbery case at issue herein. After that time, Petitioner incurred charges for domestic assault and driving on a suspended license. Trial counsel also represented Petitioner in these cases.

Trial counsel explained that over the course of a year, he spent a "lot of time" with Petitioner. His notes reflected that he spoke with Petitioner at least forty-two times on the phone and met with him at least eighteen times in person.

Trial counsel recalled discussing the development of an alibi defense. Petitioner maintained that he was not responsible for the crime. Trial counsel explained that Petitioner was out on bond for part of the time prior to trial and described Petitioner as difficult to get in touch with to discuss the case.

At the conclusion of the hearing, the post-conviction court found:

> The two issues you have raised are that there was an improper investigation and that he did not spend enough time with you. I can't see how he could have spent more time with you than he did and every issue that appeared to be in the trial he appeared to have investigated. I don't know what else he could have done.

> The Court finds that you have not proven or have not carried the burden of proving that the performance was deficient and you've not shown any prejudice. So your motion or your Petition for Post-Conviction Relief is denied.

Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner insists that the post-conviction court erred in denying post-conviction relief on the basis of ineffective assistance of counsel. The State disagrees, insisting that Petitioner waived any claim with respect to the post-conviction court's decision due to the failure to provide an adequate record for review. In the alternative, the State contends that Petitioner did not establish that trial counsel was ineffective. We believe that even in the absence of the trial transcript the record of the post-conviction hearing is adequate for a review on the merits.

*Ineffective Assistance of Counsel*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the

evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Implicit in the court's comments that trial counsel did all he could in the investigative and trial phase of the prosecution is a conclusion that counsel's actions were within the bounds of effective representation. It appears that the trial court accredited the account of

-4-

trial counsel's performance over that of Petitioner.  This Court may not on appeal ignore that credibility determination. *See Burns*, 6 S.W.3d at 461.  Nothing in this record belies the post-conviction court's findings and conclusions.  Therefore, Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____

JERRY L. SMITH, JUDGE